# EXHIBIT A

electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2021 02:23 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano, Deputy Clerk

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES
FILED

2021 OCT 28  A 11: 21



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Los Angeles County Sheriff's Department, a local public entity; Lee Baca, an individual; and
DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GEORGE RAY THOMAS, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Stanley Mosk Courthouse, Central Judicial District, 111 N. Hill Street, LA, CA 90012 | 21STCV10830 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Franklin L. Ferguson, Jr., Esq., 3580 Wilshire Boulevard, #1732, LA, CA 90010 (323) 936-4375

| DATE: 10/26/2021 | Sherri R. Carter Executive Officer/Clerk of Court | , Deputy |
|---|---|---|
| *(Fecha)* XXXXXXX XXXX | *(Secretario)* | M. Mariano *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):* County of Los Angeles
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 10-28-21

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ] [ Save this form ] [ Clear this form ]

Electronically FILED by Superior Court of California, County of Los Angeles on 03/22/2021 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
21STCV10830

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: John Doyle

1  Franklin L. Ferguson, Jr., SBN 170875
   3580 Wilshire Boulevard, Suite #1732
2  Los Angeles, CA 90010-2534
3  (323) 936-4375
   Franklin@FranklinFerguson.com
4

5  Attorneys for Plaintiff, GEORGE RAY THOMAS

6

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| 11 GEORGE RAY THOMAS, an individual, | CASE NO. 21STCV10830 |
| 12 | **COMPLAINT FOR CIVIL DAMAGES** |
| 13 Plaintiff, | |
| 14 v. | 1. Violation of 42 U.S.C. § 1983; Breach of the Clearly Established 8th Amendment to the U.S. Constitution Right to be Free From Beatings and Deliberate Indifference to the Provision of Adequate Medical Care |
| 15 LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a local public entity; LEE BACA, an individual; and DOES 1-10, inclusive, | |
| 16 | |
| 17 | |
| 18 | |
| 19 Defendants. | 2. Violation of 42 U.S.C. § 1983- *Monell* Claim; Breach of the Clearly Established 8th Amendment to the U.S. Constitution Right to be free From Beatings and Deliberate Indifference to the Provision of Adequate Medical Care |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | 3. Medical Malpractice |
| 25 | 4. Intentional Infliction of Emotional Distress |
| 26 | 5. Negligent Infliction of Emotional Distress |
| 27 | |
| 28 | 6. Assault |
| | 7. Battery |

**COMPLAINT FOR CIVIL DAMAGES**

1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/22/2021 12:50 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
21STCV10830

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: John Doyle

Franklin L. Ferguson, Jr., SBN 170375
3580 Wilshire Boulevard, Suite #1732
Los Angeles, CA 90010-2534
(323) 936-4375
Franklin@FranklinFerguson.com

Attorneys for Plaintiff, GEORGE RAY THOMAS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GEORGE RAY THOMAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a local public entity; LEE BACA, an individual; and DOES 1 -10, inclusive,<br><br>Defendants. | CASE NO.   21STCV10830<br><br>**COMPLAINT FOR CIVIL DAMAGES**<br><br>1.  Violation of 42 U.S.C. § 1983; Breach of the Clearly Established 8th Amendment to the U.S. Constitution Right to be Free From Beatings and Deliberate Indifference to the Provision of Adequate Medical Care<br>2.  Violation of 42 U.S.C. § 1983- *Monell* Claim; Breach of the Clearly Established 8th Amendment to the U.S. Constitution Right to be free From Beatings and Deliberate Indifference to the Provision of Adequate Medical Care<br>3.  Medical Malpractice<br>4.  Intentional Infliction of Emotional Distress<br>5.  Negligent Infliction of Emotional Distress<br>6.  Assault<br>7.  Battery |

8. Violation of 42 U.S.C. § 1983;
U.S. Constitution's 4th
Amendment Prohibition Against
Warrantless Property Search

DEMAND FOR JURY TRIAL

## NATURE OF THE ACTION

1.  This is a civil rights action for compensatory and punitive damages, brought by Plaintiff against the Los Angeles County Sheriff's Department, a public entity, as well as several of their respective employees, and former Sheriff Lee Baca, an individual. Defendants engaged in assorted violations of Plaintiff's rights, pursuant to the Eighth Amendment to the United States Constitution, made applicable to the states via 42 U.S.C. § 1983.

2.  Plaintiff asserts that Defendants, by and through their actions as alleged herein, are in violation of his civil rights. Plaintiff is informed and believes, and thereupon alleges, that because of the facts, conditions and circumstances set out herein, an actual, justiciable controversy exists between the parties.

3.  Plaintiff seeks monetary damages to compensate him for the unreasonable and unlawful actions of Defendants and each of them.

## JURISDICTION AND VENUE

4.  Defendants' acts and omissions, as more fully alleged herein, violate state laws. This Court has jurisdiction over this action and venue is properly set because Plaintiff's injuries were incurred within this jurisdiction, per Code of Civil Procedure §395.

5.  Venue is proper in this District pursuant to the fact that the unlawful acts and practices occurred in the County of Los Angeles, an area that is within this judicial district. The claims for relief from the violations of California law alleged in

1 | this Complaint for Civil Damages, and the claims for relief are based on a common
2 | nucleus of operative facts.

### THE PARTIES

3
4 |      6.    Plaintiff GEORGE RAY THOMAS ("Plaintiff," "George Thomas," and
5 | "Mr. Thomas") is a 61-year-old, African-American, and a natural-born citizen of the
6 | United States of America.

7 |      7.    Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
8 | ("Defendant" and "Sheriff's") is, and was at all relevant times, a municipal public
9 | entity, duly organized under the laws of the State of California.

10 |      8.    Defendant LEE BACA ("Defendant" and "Former Sheriff Lee Baca") is,
11 | and was at all relevant times, an individual, employed in the capacity of Sheriff of the
12 | County of Los Angeles, in the State of California. At all relevant times, Sheriff Baca
13 | was an agent of the Los Angeles County Sheriff's Department.

14 |      9.    Plaintiff is ignorant of the true names and capacities of those persons
15 | sued herein as "DOES 1 through 10, inclusive" and therefore sues these Defendants
16 | by such fictitious names. Plaintiff will amend this Complaint for Civil Damages to
17 | allege these Defendants' true names and capacities, if and when they are ascertained.
18 | Plaintiff is informed and believes, and on such basis alleges, that each of the
19 | fictitiously named Defendants is responsible in some manner for the occurrences
20 | alleged herein and that Plaintiff's damages were caused by such Defendants.

21 |      10.    Plaintiff is informed and believes and upon such basis alleges that each
22 | Defendant is, and at all times mentioned was, the agent, employee, representative,
23 | successor and/or assignee of each other Defendant. Each Defendant, in doing the acts,
24 | or in omitting to act as alleged in this Complaint for Civil Damages, was acting
25 | within the scope of his or her actual or apparent authority or according to the power
26 | wielded by each other Defendant as principal. All non-municipal, individual
27 | Defendants acted or failed to act in the face of an obligation to do otherwise, and did
28 | so maliciously and with reckless disregard for Plaintiff's rights and thus are liable for

1  punitive damages.

2       11.   Plaintiff is informed and believes and upon such basis alleges that all

3  Defendants, at all times relevant to the allegations herein, acted under the color of

4  state law. Each non-government entity Defendant is sued in both his individual and

5  official capacities. Liability under federal law for all government entity employees is

6  based upon 42 U.S.C § 1983.

7                              FACTUAL ALLEGATIONS

8       12.   On numerous occasions between February 2010 through October 23,

9  2018, Plaintiff was subjected to several incidents of excessive use of force while in

10  the custody of the Los Angeles County Sheriff's Department, at the hand of various

11  Sheriff's deputies.

12       13.   On February 22, 2010, while driving his vehicle in the City of Lancaster,

13  Los Angeles County, Plaintiff was subjected to a traffic stop by the Sheriff's

14  department.  Deputy Proton drew his weapon or Plaintiff ordered Plaintiff out of his

15  vehicle, stating: "Get out of the car, or I'm going to shoot!"   Detective Moore and

16  Deputy Flores responded to the scene after Deputy Proton called for back-up.  Then,

17  Deputy Flores proceeded to perform a strip-search of Plaintiff as he stood in the

18  street, with his hands cuffed behind his back.  Without regard for privacy, Deputy

19  Flores donned a latex glove, pulled down Plaintiff's pants, and then used his hands to

20  search Plaintiff's rectum, going even beyond Plaintiff's inter-gluteal cleft.  Deputy

21  Flores found approximately seven (7) grams of "rock cocaine," within Plaintiff's

22  anus.  Plaintiff was then transported to Lancaster jail and then to the county jail.  At

23  Lancaster, Deputy Flores provided a phone number and directed Plaintiff to call and

24  ultimately work with Los Angeles Sheriff's Department's Detective Moore, assigned

25  to the narcotics unit.  During his transport, after providing Detective Moore's

26  information to Plaintiff, Deputy Flores repeatedly hurled race-based insults at Mr.

27  Thomas, including "Porch Monkey" and "Shit Baby."

28       14.   Detective Moore directed Plaintiff to serve as an informant with respect

1   to 5 suspected drug and/or firearm dealers. Information provided by Plaintiff was to

2   be reported in exchange for dismissal of the most recent criminal charges against

3   Plaintiff and a recommended sentence for Plaintiff to probation. Plaintiff bailed out

4   with a cash bond. From February, 23, 2010 until he was remanded back into custody,

5   approximately 2 months later, Plaintiff worked as an informant for Detective Moore.

6   Plaintiff was working as a drug informant for Detective Moore, meeting both in

7   person and via telephone with Detective Moore and Detective Willie. Plaintiff was

8   integral in the recovery of drugs and the seizure of guns while cooperating as an

9   informant for Detective Moore. Plaintiff delivered everything that he was instructed

10  to deliver.

11      15.   Despite his cooperation, Plaintiff's bail was revoked and Plaintiff was

12  remanded back into custody. While in custody in the Spring of 2010, George Thomas

13  was approached by Sheriff Lee Baca on the "2000 Floor," a gang and *pro per*

14  module, where Plaintiff was housed.  Sheriff Baca initiated a conversation with Mr.

15  Thomas, saying: "George, you know what I'm going to do to you?"  George Thomas

16  replied, "What? You've already done everything that you can do to me."  Sheriff

17  Baca replied, "Not yet.  What I'm going to do is label you a 'Snitch,' and we won't

18  be responsible to what happens to you in here."  Mr. Thomas was then transferred to

19  "3000 Floor," which was a floor utilized for protective custody at the time.  Sheriff

20  Baca next stated, "You can sign the papers to get out to the main line, in general

21  population."

22      16.   Immediately after that, Plaintiff was made to sign the papers, allowing

23  for him to be housed in general population. Six to eight L.A. Sheriff's deputies,

24  armed with sticks, gloved hands and clubs, members of a notorious LA Sheriff

25  deputies gang, stood outside of Plaintiff's cell, encouraging him to sign the release

26  papers. These deputies strongly suggested that they would do serious bodily harm, if

27  not kill Plaintiff, if he did not sign the release papers. Ultimately, Sheriff Baca did

28  reveal to the general jail population that Plaintiff had served as an informant when he

1   housed Plaintiff in the protective custody unit. It is well known that inmates labeled

2   as "snitches" are routinely attacked, beaten and even killed by other inmates in

3   general population.

4     17. Plaintiff was convicted in 2011, sentenced to 25 years to life, as a "3rd

5   striker." Throughout his stay in the Los Angeles County Jail, Plaintiff was subjected

6   to various abuses of his constitutional rights. Plaintiff was physically beaten on

7   several occasions, each time by Sheriff's deputies. These batteries caused Plaintiff to

8   endure extensive psychological and physical injuries, including the loss of several

9   teeth. The beatings occurred on the occasions when Plaintiff returned from court.

10     18. In the Summer of 2010, Plaintiff called the American Civil Liberties

11   Union ("ACLU") to complain about his abuse. Attorneys from the ACLU then

12   visited Plaintiff at the county jail and witnessed Plaintiff's injuries first-hand.

13   Representatives from the ACLU then filed a complaint on Plaintiff's behalf with the

14   Sheriff's department.

15     19. In Spring of 2010, Plaintiff was coughing up blood. Blood was also

16   emitting periodically from his nose and he was bleeding from his ears. Plaintiff

17   complained to the Medical staff. A Los Angele County Jail Nurse gave to Plaintiff a

18   bronchial inhaler. Defendant Los Angeles County Medical staff diagnosed Plaintiff

19   with "asthma." Plaintiff complained that he could not breathe. This went on for

20   approximately 3 years. At some point, a radiologist in LA County informed Plaintiff

21   that it would cost the County "too much money" and that "it would be too costly,"

22   were Plaintiff to be given adequate medical care.

23     20. Riverside Memorial ultimately performed a CT scan and biopsy on

24   Plaintiff, revealing the fact that Plaintiff had developed throat cancer. Plaintiff was

25   diagnosed with throat cancer while he was hosed in Delano State prison. The CT scan

26   at Delano revealed stage 4 cancer of the throat. Plaintiff had been deliberately mis-

27   diagnosed, resulting in the permanent loss of his larynx.

28     21. Plaintiff was in custody of the Sheriff's Department from February 23,

2010 until his October 23, 2018 release date, more than (8) years and eight (8) months.

**FIRST CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1983; BREACH OF THE CLEARLY ESTABLISHED 8TH AMENDMENT TO THE U.S. CONSTITUTION RIGHT TO BE FREE FROM BEATINGS AND DELIBERATE INDIFFERENCE TO THE PROVISION OF ADEQUATE MEDICAL CARE**

**(By Plaintiff Against Defendants Los Angeles County Sheriff's Department and Lee Baca, in his Individual and Official capacities)**

22.    Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 21, inclusive, as if fully set forth herein.

23.    As described hereinabove, Plaintiff has demonstrated Defendants' assorted failures to act, which resulted in deprivation of Plaintiff's particular rights under the United States Constitution. In this case, Plaintiff as alleged Defendants deprived him of his rights under the Eighth Amendment to the Constitution when Defendants deliberately beat him for the sake of inflicting pain. Thereafter, Defendants withheld critical medical treatment, diagnosis and care from Plaintiff.

24.    Under the Eighth Amendment, a prisoner has the right to be free from "cruel and unusual punishments." This includes the right to not be wantonly beaten, as well as the right to receive appropriate medical diagnosis, care and treatment.

25.    By suffering physical beatings, Plaintiff faced a substantial risk of serious bodily harm. Plaintiff was, in fact, physically injured by the jailers an prison guards he encountered at Los Angeles County Jail. In addition, as described above, Plaintiff faced a serious medical need, which ultimately manifest as cancer of the larynx.

26.    Defendants intentionally carried out the physical beatings of Plaintiff. Defendants were also deliberately indifferent to the risks posed by Plaintiff's medical

1  need. Defendant knew of Plaintiff's medical need, yet disregarded it by failing to take
2  reasonable measures to address it. Defendants refused to deliver competent medical
3  diagnosis, treatment and care to Plaintiff.

4      27.    Both the beatings and the deliberate refusals to act in the manner that
5  would result in medical care and/or treatment caused harm to the Plaintiff.
6  "Deliberate indifference" is the conscious choice to disregard the consequences of
7  one's acts or omissions. Defendants' actions were not consistent with jail and/or
8  prison officials' responsibility to adopt and execute policies and practices necessary
9  to preserve discipline or to maintain internal security.

10     28.    Defendants, at all times herein mentioned, wielded authority over
11 pertinent budgeting decisions. Defendant prison officials simply failed to meet duties
12 owed to Plaintiff as an inmate, pursuant to the Eighth Amendment. Defendants had at
13 their disposal the personnel, financial and other resources reasonably available to use
14 in Plaintiff's best interests, but chose not to do so.

15     29.    As a direct and legal result of the conduct of Defendants as set forth
16 above, Plaintiff has suffered special damages for physical and emotional harm
17 pursuant to the aforescribed adverse consequences, in an amount not yet fully known.
18 As set forth above, Plaintiff suffered and will continue to suffer special damages, in
19 an amount not yet ascertained, for emotional, physical and psychological injuries he
20 suffered as a direct and legal result of the conduct of Defendants.

21     30.    As a direct and legal result of the conduct of Defendants as set forth
22 above, Plaintiff suffered general damages including but not limited to economic
23 injury, damage to his reputation, pain and suffering, humiliation, embarrassment, and
24 grievous emotional, physical and psychological injury. Defendants, by their actions as
25 set forth above, have engaged in despicable conduct, exposing Plaintiff to cruel and
26 unjust hardship, with the intention to cause injury to Plaintiff and with conscious
27 disregard of his rights. Defendants occupied positions of trust which gave them power
28 to inflict physical and emotional harm to Plaintiff. Defendants abused those positions

1    of trust by maliciously and oppressively subjecting Plaintiff to the circumstances

2    aforescribed. Plaintiff is therefore entitled to punitive damages, in an amount to be

3    pleaded and proven at trial.

4    <u>**SECOND CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1983-**</u>

5    <u>***MONELL* CLAIM; BREACH OF THE CLEARLY ESTABLISHED 8TH**</u>

6    <u>**AMENDMENT TO THE U.S. CONSTITUTION RIGHT TO BE FREE FROM**</u>

7    <u>**BEATINGS AND DELIBERATE INDIFFERENCE TO THE PROVISION OF**</u>

8    <u>**ADEQUATE MEDICAL CARE**</u>

9    **(By Plaintiff Against Defendant Los Angeles County and DOES 1-10, Inclusive)**

10         31.    Plaintiff repeats and incorporates by reference the allegations contained

11    in paragraphs 1 through 30, inclusive, as if fully set forth herein.

12         32.    Los Angeles County, by and through its supervisory officials and

13    employees, has been given notice on repeated occasions of a pattern of ongoing

14    constitutional violations and practices by the individual Defendants named herein,

15    and other County employees, consisting of inmate beatings by jail and prison guards,

16    as well as deliberate indifference to the delivery of medical evaluation, diagnosis and

17    medical care to jail detainees and prison inmates. These retaliatory and intimidating

18    practices are intended to prevent citizens from enjoying the protections afforded

19    under the 8th Amendment's prohibition against cruel and unusual punishment.

20         33.    Said notice has come via civilian complaints, both oral and in written

21    form, through numerous public comments, legal actions taken by advocacy groups,

22    such as the American Civil Liberties Union ("ACLU") and in the form of numerous

23    news media stories and editorials. These retaliatory and intimidating practices also

24    include: inmates being discouraged by jailers from filing citizen's complaints;

25    inmates who have served as informants being threatened with housing within the

26    general population and deliberate refusal to provide access to necessary and/or

27    adequate medical care.

28

34.   Despite said notice, Defendant Los Angeles County has demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by County employees, including peace officers, jailers and medical personnel assigned to jail facilities This lack of adequate supervisory response by Defendant County demonstrates the existence of an informal custom or policy that tolerates and promotes the continued use of intimidation, illegal searches and seizures, beatings, deliberate indifference to the provision of adequate medical care and other retaliatory actions against those jailed citizens, who have served as informants and/or who are in need of medical care.

35.   The acts of the individual Defendants alleged herein are the direct and proximate result of the deliberate indifference of Defendant Los Angeles County and its supervisory officials and employees to violations of the constitutional rights of persons by the individual Defendants named herein and other employees of Los Angeles County.  These repeated violations of the 8th Amendment to the U.S. Constitution have consistently and intentionally been shielded from proper investigation. Additionally, the violators, though identified, have traditionally evaded discipline, reprimand or punishment. Plaintiff's injuries were foreseeable and proximate results of the deliberate indifference of Los Angeles County to the pattern, practices, customs and policies described.

36.   As a direct and legal result of the conduct of Defendants as set forth above, Plaintiff has suffered special damages for physical and emotional harm pursuant to the aforescribed adverse consequences, in an amount not yet fully known. As set forth above, Plaintiff suffered and will continue to suffer special damages, in an amount not yet ascertained, for emotional, physical and psychological injuries he suffered as a direct and legal result of the conduct of Defendants, according to proof at trial.

## THIRD CAUSE OF ACTION FOR MEDICAL MALPRACTICE

1          **(By Plaintiff Against Defendant Los Angeles County)**

2       37.    Plaintiff repeats and incorporates by reference the allegations contained

3 in paragraphs 1 through 30, inclusive, as if fully set forth herein.

4       38.    A physician, nurse or medical practitioner is negligent if said person

5 fails to use the level of skill, knowledge and care in diagnosis and treatment

6 that other reasonably careful physicians, nurses or medical practitioners would

7 use in the same or similar circumstances. This level of skill, knowledge,

8 and care is referred to as "the standard of care."

9       39.    Defendants failed to exercise the appropriate level of skill, knowledge,

10 and care that other reasonably careful physicians, nurses or medical practitioners

11 would have used in the same or similar circumstances.

12       40.    As a direct and legal result of the conduct of Defendants as set forth

13 above, Plaintiff has suffered special damages for physical and emotional harm

14 pursuant to the aforescribed adverse consequences, in an amount not yet fully known.

15 As set forth above, Plaintiff suffered and will continue to suffer special damages, in

16 an amount not yet ascertained, for emotional, physical and psychological injuries he

17 suffered as a direct and legal result of the conduct of Defendants, according to proof

18 at trial.

19          **FOURTH CAUSE OF ACTION FOR INTENTIONAL**

20          **INFLICTION OF EMOTIONAL DISTRESS**

21       **(By Plaintiff against Defendant Baca, in his individual capacity)**

22       41.    Plaintiff repeats and incorporates by reference the allegations contained

23 in paragraphs 1 through 30, inclusive, as if fully set forth herein.

24       42.    Defendant Baca acted outrageously in engaging the aforesaid conduct.

25 Defendant's acts and omissions were perpetuated with the intent to inflict or with

26 reckless disregard of the probability of inflicting emotional distress on Plaintiff.

27 Defendants each had a duty of care to protect Plaintiff from injury and harm,

28

1  including emotional distress, and a statutory duty to abstain from injuring Plaintiff

2  pursuant to California Civil Code § 1708.

3      43.    As a direct and legal result of the conduct of Defendants as set forth

4  above, Plaintiff has suffered special damages for physical and emotional harm

5  pursuant to the aforescribed adverse consequences, in an amount not yet fully known.

6  As set forth above, Plaintiff suffered and will continue to suffer special damages, in

7  an amount not yet ascertained, for emotional, physical and psychological injuries he

8  suffered as a direct and legal result of the conduct of Defendants, according to proof

9  at trial.

10      **FIFTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION**

11      **OF EMOTIONAL DISTRESS**

12      **(By Plaintiff against Defendant Baca, in his individual capacity)**

13      44.    Plaintiff repeats and incorporates by reference the allegations contained

14  in paragraphs 1 through 30, inclusive, as if fully set forth herein.

15      45.    Defendants had a legal duty to not engage in any conduct that would

16  cause Plaintiff to suffer severe and serious emotional distress.

17      46.    By engaging in conduct that caused Plaintiff to suffer severe emotional

18  distress, and physical injuries, Defendants have negligently breached their duty of

19  care not to engage in the conduct alleged herein. Defendants, knew or reasonably

20  should of known that their actions were likely to result in emotional harm, and severe

21  distress to Plaintiff.

22      47.    As a proximate result of the actions of Defendants, Plaintiff sustained

23  physical and emotional injuries, including the infliction of mental anguish, distress,

24  and suffering, which has caused Plaintiff to experience triggered and non-triggered

25  panic attacks, nervousness, depression, and suffering loss of sleep, let alone the loss

26  of comfort in society and ability to be the person he was before this incident. As a

27  result, Plaintiff has suffered economic and non-economic damages to be proven at

28  trial.

48.    As a direct and legal result of the conduct of Defendants as set forth above, Plaintiff has suffered special damages for physical and emotional harm pursuant to the aforescribed adverse consequences, in an amount not yet fully known. As set forth above, Plaintiff suffered and will continue to suffer special damages, in an amount not yet ascertained, for emotional, physical and psychological injuries he suffered as a direct and legal result of the conduct of Defendants, according to proof at trial.

## SIXTH CAUSE OF ACTION FOR ASSAULT

**(By Plaintiff Against Defendants Los Angeles County Sheriff's Department, Lee Baca, in his Individual and Official capacities and DOES 1-10, inclusive, in their Individual and Official capacities)**

49.    Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 30, inclusive, as if fully set forth herein.

50.    Plaintiff asserts a claim of assault against Defendants, based upon the conduct of Defendant Baca and Does 1-10, inclusive, as aforescribed. Threats of pending physical beatings, while confined to a cell, placed Plaintiff in anticipation of imminent, unlawful, harmful and offensive touching of Plaintiff. These actions were precipitated without legal justification, the direct and legal cause of the resulting damage to Plaintiff. Plaintiff apprehended these imminent, illegal contacts, immediately prior to each of these occurrences. Defendants' collective conduct was neither privileged nor justified under statute or common law.

51.    The conduct of Defendant Deputies occurred in the course and scope of their employment. As a result, Defendant County is liable to Plaintiff via the *respondeat superior* doctrine.

52.    As a direct and legal result of the conduct of Defendants as set forth above, Plaintiff has suffered special damages for physical and emotional harm pursuant to the aforescribed adverse consequences, in an amount not yet fully known. As set forth above, Plaintiff suffered and will continue to suffer special damages, in

1  an amount not yet ascertained, for emotional, physical and psychological injuries he
2  suffered as a direct and legal result of the conduct of Defendants, according to proof
3  at trial.

### SEVENTH CAUSE OF ACTION FOR BATTERY

**(By Plaintiff Against Defendants Los Angeles County Sheriff's Department, Lee Baca, in his Individual and Official capacities and DOES 1-10, inclusive, in their Individual and Official capacities)**

8      53.    Plaintiff repeats and incorporates by reference the allegations contained
9  in paragraphs 1 through 30, inclusive, as if fully set forth herein.

10     54.    Plaintiff asserts a claim of battery against Defendants, based upon the
11 conduct of Defendant Deputies, as aforescribed.  There was no legally cognizable
12 justification for beating Plaintiff in his cell. Such actions were the direct and legal
13 causes of the resulting damage to Plaintiff. Defendants' conduct was neither
14 privileged nor justified under statute or common law.

15     55.    The conduct of Defendants occurred in the course and scope of their
16 employment. As a result, Defendant County is liable to Plaintiff via the *respondeat*
17 *superior* doctrine.

18     56.    As a direct and legal result of the conduct of Defendants as set forth
19 above, Plaintiff has suffered special damages for physical and emotional harm
20 pursuant to the aforescribed adverse consequences, in an amount not yet fully known.
21 As set forth above, Plaintiff suffered and will continue to suffer special damages, in
22 an amount not yet ascertained, for emotional, physical and psychological injuries he
23 suffered as a direct and legal result of the conduct of Defendants, according to proof
24 at trial.

### EIGHTH CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1983; U.S. CONSTITUTION'S 4TH AMENDMENT PROHIBITION AGAINST WARRANTLESS PROPERTY SEARCH

**(By Plaintiff Against Defendants Los Angeles County Sheriff's Department,**

1   **Lee Baca, in his Individual and Official capacities and DOES 1-10, inclusive, in**

2   **their Individual and Official capacities)**

3      57.    Plaintiff repeats and incorporates by reference the allegations contained

4   in paragraphs 1 through 30, inclusive, as if fully set forth herein.

5      58.    Defendants' above-described conduct violated Plaintiffs' rights to be

6   free from unreasonable searches without reasonable or probable cause, per  the

7   Fourth Amendment to the U.S. Constitution. Defendants searched Plaintiff's body

8   cavity, during broad daylight and in plain sight of the public with neither a warrant nor

9   probable cause via an applicable exception to the warrant requirement.

10     59.    Plaintiff has a vested interest in his person, particularly the integrity of

11  his body, pursuant to state constitutional and statutory law. Defendants violated

12  plaintiffs' Fourth Amendment right to be free from unreasonable search of his person,

13  without a warrant and without any legal justification to do so.

14     60.    Defendants' unlawful actions were done with the specific intent to

15  deprive Plaintiff of his constitutional right to be secure in his person. Plaintiff is

16  informed and believes that Defendants' employees and agents were intentional in

17  failing to protect and preserve his bodily integrity and that, at a minimum, Defendants

18  were deliberately indifferent to the likely consequences of said unreasonable search,

19  based on the past circumstances of similar constitutional and statutory violations.

20     61.    As a direct and legal result of the conduct of Defendants as set forth

21  above, Plaintiff has suffered special damages for physical and emotional harm

22  pursuant to the aforescribed adverse consequences, in an amount not yet fully known.

23  As set forth above, Plaintiff suffered and will continue to suffer special damages, in

24  an amount not yet ascertained, for emotional, physical and psychological injuries he

25  suffered as a direct and legal result of the conduct of Defendants, according to proof

26  at trial.

27                         REQUEST FOR RELIEF

28     62.   WHEREFORE, Plaintiff respectfully requests that judgment enter in

favor of Plaintiff and against Defendants and each of them as follows:

      a.   On all claims, for general and special damages according to proof;

      b.   On the claims against individual Defendants, for exemplary and punitive damages according to proof;

      c.   On all claims, for costs, interest and reasonable attorney's fees;

      d.   On all claims for violation of 42 U.S.C. § 1983, Plaintiff requests that this Court award monetary damages via 42 U.S.C. §1988, as well as according to California's commensurate attorney's fee provisions;

      e.   On all claims, for injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

      f.   For such other relief as is just and proper.

**DATED:**   October 23, 2020        **Respectfully Submitted**

**Franklin L. Ferguson, Jr.**
**Attorneys for Plaintiff**

## DEMAND FOR JURY TRIAL

   63.   Trial by jury is hereby demanded for determination of all issues.

**DATED:**   October 23, 2020        **Respectfully Submitted**

**Franklin L. Ferguson, Jr.**
**Attorneys for Plaintiff**

COMPLAINT FOR CIVIL DAMAGES

16

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 10/28/2021 07:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Franklin L. Ferguson, Jr., State Bar Number 170875<br>3580 Wilshire Boulevard, Suite #1732<br>Los Angeles, CA 90010<br>TELEPHONE NO.: (323) 936-4375   FAX NO. *(Optional)*: (323) 679-1064<br>E-MAIL ADDRESS *(Optional)*: franklin@franklinferguson.com<br>ATTORNEY FOR *(Name)*: George Ray Thomas, Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk, Central Judicial District

PLAINTIFF/PETITIONER: George Ray Thomas
DEFENDANT/RESPONDENT: L.A. County Sheriffs Dept., Et Al.

CASE NUMBER: 21STCV10830

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
      Los Angeles County Sheriff's Department

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Ruben Khosdikian, Deputy Clerk

4. Address where the party was served:
   Kenneth Hahn Hall of Administraton, 500 West Temple Street. Los Angeles, CA 90012

5. I served the party *(check proper box)*
   a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*: October 28, 2021   (2) at *(time)*: 11:20 a.m.

   b. [ ] **by substituted service.** on *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2