O, JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RAY THOMAS, and individual, <br><br> Plaintiff, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a local public entity; LEE BACA, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 2:21-cv-09277-MEMF-JEM <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 47]** |

Before the Court is a Motion for Summary Judgment filed by Defendant County of Los Angeles, erroneously sued as Los Angeles County Sheriff's Department. ECF No. 47. For the reasons stated herein, the Court GRANTS the Motion for Summary Judgment.

**I.  Background**

   **A.  Factual Background**

Plaintiff George Ray Thomas ("Thomas") was arrested by Sherriff's Deputies employed by Defendant County of Los Angeles ("the County") in 2010. Thomas asserts that the County and its employees violated his constitutional rights and committed other torts against him.

1

**B. Procedural History**

Thomas filed suit in Los Angeles County Superior Court on March 22, 2021. ECF No. 1-1. The County removed to this Court on November 29, 2021. ECF No. 1. The County filed an Answer on December 6, 2021. ECF No. 7.

Thomas brings seven causes of action: (1) an Eighth Amendment claim pursuant to 42 U.S.C. § 1983; (2) a *Monell* claim pursuant to 42 U.S.C. § 1983; (3) a medical malpractice claim; (4) an intentional infliction of emotional distress claim; (5) a negligent infliction of emotional distress claim; (6) an assault claim; (7) a battery claim; and (8) a Fourth Amendment claim pursuant to 42 U.S.C. § 1983. *See* ECF No. 1-1.

The County filed a Motion for Judgment on the Pleadings on May 13, 2023. ECF No. 19. The Court granted the County's Motion for Judgment on the Pleadings on October 13, 2023. ECF No. 33. The Court dismissed Thomas's third, fourth, fifth, sixth, and seventh causes of action without leave to amend. *See id.* Thus, the remaining claims are Thomas's Section 1983 claims under the Eighth Amendment (First Cause of Action), *Monell* (Second Cause of Action), and the Fourth Amendment (Eighth Cause of Action).

The County filed an initial Motion for Summary Judgment on May 30, 2023. ECF No. 42. This Motion was filed unilaterally, in violation of the Court's Standing Order which requires that Motions for Summary Judgment be jointly briefed. Thus, on June 6, 2023, the Court ordered the parties to file statements regarding the status of Thomas's Opposition to the County's Motion for Summary Judgment on the parties' ability to file a joint brief. ECF No. 43. The County responded on June 9, 2023, and Thomas responded and requested a continuance on June 13, 2023. ECF Nos. 44, 45. On June 26, 2023, the Court denied the County's initial Motion for Summary Judgment without prejudice, granted Thomas's request for a continuance, and ordered the parties to file a jointly briefed Motion for Summary Judgment by October 2, 2023. ECF No. 46.

The County filed the instant Motion for Summary Judgment on October 2, 2023. ECF No. 47 ("Motion" or "Mot."). Alongside its Motion, the County filed a Statement of Uncontroverted Facts and Conclusions of Law (ECF No. 47-1, "SUF"), a declaration (ECF No. 47-2, "Park Declaration" or "Park Decl."), and a Compendium of Exhibits (ECF No. 47-3). The Motion was again unilaterally

briefed and filed, because, according to the County, Thomas failed to provide his portions of the joint filing as the Court had ordered. *See* Mot.; *see also* Park Decl. ¶ 7. Since the County filed its Motion, Thomas has not filed any Opposition or made any other filings.

In advance of the scheduled hearing on the Motion, the Court shared a tentative ruling with the parties via email. On December 20, 2023, the parties filed a joint stipulation indicating that they "wish to submit on the tentative to obviate the need for the December 21, 2023 hearing." ECF No. 48. Accordingly, the Court did not hold a hearing on the Motion, and issues this order consistent with the tentative ruling.

**II.     Applicable Law**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). "A moving party without the ultimate burden of persuasion at trial—usually, but not always, a defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To carry its burden of production, the moving party must either: (1) produce evidence negating an essential element of the nonmoving party's claim or defense; or (2) show that there is an absence of evidence to support the nonmoving party's case. *Id.*

Where a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. *Id.* at 1102–03. In such cases, the nonmoving party may defeat the motion for summary judgment without producing anything. *Id.* at 1103. However, if a moving party carries its

burden of production, the burden shifts to the nonmoving party to produce evidence showing a genuine dispute of material fact for trial. *Anderson*, 477 U.S. at 248–49. Under these circumstances, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is no genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the motion for summary judgment shall be granted. *Id.* at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

### III. Findings of Fact[1]

On or around February 22, 2010, Thomas was arrested within the County of Los Angeles for possession of cocaine. SUF ¶ 1; *see also* ECF No. 47-3 at 10 (Thomas Tr. 11:13–16). During this arrest, Thomas was subjected to both a general pat down and a cavity search. SUF ¶ 2. Thomas testified that although he consented to the pat down, he did not consent to the cavity search. *See id.*; *see also* ECF No. 47-3 at 11 (Thomas Tr. 12:05–15). Thomas testified that he told the officers who conducted the cavity search that he did not consent to it. *See* ECF No. 47-3 at 11 (Thomas Tr. 12:17–19). Thomas believed at that time that his rights were being violated. SUF ¶ 3; *see also* ECF No. 47-3 at 11 (Thomas Tr. 12:13–16).

Thomas was in the County's custody from February 2010 until July 5, 2013, when he was transferred to state prison. SUF ¶ 4; *see also* ECF No. 47-3 at 32–33 (Kennedy Decl. ¶¶ 6, 7), 12–13 (Thomas Tr. 17:16–18:02). While he was in the County's custody, Thomas did not report any grievances, report any injuries, or submit any health care request forms. SUF ¶ 5; *see also* ECF No.

---

[1] The facts set forth below are taken from the County's SUF (ECF No. 47-1) and Exhibits (ECF No. 47-3). To the extent that any statements of fact are omitted, the Court concludes they are not material to the disposition of this Motion.

Pursuant to Rule 56(g), the Court finds that these facts are "established in the case." *See* Fed. R. Civ. P. 56(g).

4

47-3 at 14 (Thomas Tr. 39:18–20), 15 (Thomas Tr. 47:09–13), 16 (Thomas Tr. 48:11–15), 23–24 (Thomas Tr. 86:18–87:04).

Thomas remained in the state prison system until he was released on October 23, 2018. SUF ¶ 7; *see also* ECF No. 47-3 at 17 (Thomas Tr. 62:18). While in the state prison system, Thomas was at times in a medical facility. SUF ¶ 7; *see also* ECF No. 47-3 (Thomas Tr. 62:14–21). Since his release from prison, Thomas has not been hospitalized for any period of time. SUF ¶ 6; *see also* ECF No. 47-3 at 69 (Thomas Tr. 69:01–06). Thomas has not been reincarcerated since his release. SUF ¶ 8; *see also* ECF No. 47-3 at 18 (Thomas Tr. 63:14–20).

Thomas does not assert that the County has harmed him since he was transferred out of the County's custody. SUF ¶ 13; *see also* ECF No. 47-3 at 20 (Thomas Tr. 71:14–25), 21 (Thomas Tr. 74:03–10), 22 (Thomas Tr. 79:16–24).

### IV.   **Discussion**

The County moves for summary judgment on Thomas's remaining causes of action on the grounds that (1) all claims are time barred and Thomas is not entitled to equitable tolling sufficient to save the claims, and (2) Thomas's eighth cause of action is barred by the *Heck*[2] doctrine. *See* Mot. For the reasons discussed below, the Court finds that all three remaining claims are time barred, and the Court will grant the Motion on this basis.

All three of Thomas's remaining claims are brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). "The statute of limitations applicable to an action pursuant to [Section 1983] is the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031l, 1041 (9th Cir. 2011). California has a two-year statute of limitations for personal injury claims, and thus Thomas's Section 1983 claims are subject to a two-year statute of limitations. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Civ. Proc. Code § 335.1).

The statute of limitations for a Section 1983 claim typically begins to accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC*

---

[2] *See Heck v. Humphrey*, 512 U.S. 477 (1994).

*Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Here, the undisputed facts show that Thomas was aware of his alleged injury during his arrest (February 22, 2010, *see* SUF ¶ 1), and that he does not assert any additional injuries by the County after he was transferred out of the County's custody (July 5, 2013, *see* SUF ¶ 4). *See* SUF ¶¶ 3 (he was aware of violation during arrest), 13 (he does not allege harm by the County since leaving the County's custody). Applying the typical statute of limitations to these dates would lead to a finding that Thomas needed to file suit by either February 2013 or July 2016. Each of these deadlines had long passed when Thomas filed suit on March 22, 2021. *See* ECF No. 1-1.

However, equitable tolling may apply to effectively extend the statute of limitations. Federal courts presiding over Section 1983 actions apply state law on tolling, except to the extent that it is inconsistent with controlling federal law. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). California has a statutory provision which tolls statutes of limitations for a period "not to exceed two years" when the plaintiff is "imprisoned on a criminal charge" "at the time the cause of action accrued." *See* Cal. Civ. Proc. Code § 352.1(a); *see also Jones*, 393 F.3d at 927. Even where a specific tolling statute does not apply, courts should still apply equitable tolling if the circumstances make such tolling appropriate "to ensure fundamental practicality and fairness." *Jones*, 393 F.3d at 928. "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the limitations statute." *Id.* (internal quotations and alterations omitted).

Here, Thomas is at minimum entitled to two years of equitable tolling. *See* Cal. Civ. Proc. Code § 352.1(a). He was imprisoned at the time his causes of action accrued and remained in prison until October 23, 2018. *See* SUF ¶ 7. The two year statutory tolling extends his deadline to file suit to February 2015 (assuming the claims accrued during the arrest) or July 2018 (assuming they accrued upon his transfer away from the County's custody). Thomas filed suit in July 2021, so the statutory tolling alone would not make Thomas's claim timely.

Thomas may also be entitled to further equitable tolling for the time he remained in custody. But this would also not save his claims, so the Court need not rule on what tolling would be appropriate. Even if the Court were to assume that Thomas was entitled to equitable tolling for the

duration of his time in prison—a questionable assumption given that California law only allows statutory tolling due to imprisonment for two years, *see* Cal. Civ. Proc. Code § 352.1(a)—this tolling would cease on October 23, 2018, when Thomas was released from state prison. *See* SUF ¶ 7. Thomas has not been reincarcerated since this time. SUF ¶ 8. If the two-year statute of limitations were to begin to run on October 23, 2018, it would expire on October 23, 2020. Thomas's suit, filed in July 2021, would still not be timely even if the Court were to find that equitable tolling applied for the duration of Thomas's time in prison.

The Court sees no other basis for equitable tolling. Thomas has not been hospitalized since his release from prison. *See* SUF ¶ 6. There is nothing in the record that would suggest any circumstances that might entitle Thomas to equitable tolling after his release from prison.

Thus, the Court finds that Thomas's claims are time-barred. On this basis, the Court grants summary judgment to the County on all three remaining claims. The Court therefore need not reach the County's argument that Thomas's eighth cause of action is barred by the *Heck* doctrine.

V. **Conclusion**

For the reasons stated herein, the Court GRANTS summary judgment to the County on: Thomas's Eighth Amendment claim pursuant to 42 U.S.C. § 1983 (First Cause of Action), his *Monell* claim pursuant to 42 U.S.C. § 1983 (Second Cause of Action), and his Fourth Amendment claim pursuant to 42 U.S.C. § 1983 (Eighth Cause of Action).

IT IS SO ORDERED.

Dated: December 21, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge